**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,            CIVIL ACTION NO.:

       Plaintiff,            HONORABLE:

vs.

PRAISE WORTHY,

       Defendant,

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

**Jurisdiction**

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

**Venue**

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 1231 State Fair, Apt. 718, Detroit, MI 48203.

**The Debt – Account No. 1999A14594**

3. The debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $4,212.91 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $2,451.87 |
| C. | Accrued Capitalized Interest since January 25, 1997 | $6,065.37 |
| | **Total Owed** | **$12,730.15** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of

Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 7.51% per annum.

## **Failure to Pay**

4.      Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

    A.      For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

    B.      For attorney's fees to the extent allowed by law;

    C.      Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

    D.      For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: PRAISE WORTHY
AKA: N/A
Address: 14851 LAUDER
DETROIT, MI. 48227
SSN: ███████

Total debt due the United States as of 01-25-97 : $ 6,664.78

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 4,212.91 from 01-25-97 at the annual rate of 7.51%. Interest accrues on the principal amount of this debt at the rate of $ 0.87 per day.

The claim arose in connection with Government insured or guaranteed loan(s) made by a private lender and assigned to the United States.

On 04-14-88 the debtor executed promissory note(s) to secure loan(s) from PENNBANK, ST. PAUL, MN., under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 09-09-88 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender to the amount of $ 212.91 thereby increasing the principal balance due to $ 4,212.91 .

After application of the last voluntary payment of $ 0.00 which was received on N/A the debtor now owes the following:

| | |
|---|---|
| Principal: | $ 4,212.91 |
| Interest: | $ 2,451.87 |
| Administrative/Collection Costs: | $ 0.00 |
| Penalties: | $ 0.00 |

CERTIFICATION: Pursuant to 28 USC section 1746, I certify under penalty of perjury that the foregoing is true and correct.

_2/6/97_
(Date)

_James Rivera_
(Loan Analyst)

EXHIBIT A

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64788 • ST. PAUL, MN 55164-0788

◄ After school completes application, mail HEAF and LENDER copies to this address.

**LENDER COPY**

**SUPPLEMENTAL LOAN FOR STUDENTS (SLS) APPLICATION/ PROMISSORY NOTE**

**SECTION A – TO BE COMPLETED BY BORROWER** (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. NAME (NO NICKNAMES): WORTHY, PRAISE
2. SOCIAL SECURITY NUMBER: [redacted]
3. WHEN WERE YOU BORN?: [redacted]
4. PERMANENT ADDRESS: 14851 LAUDER
   CITY: DETROIT   STATE: Michigan   ZIP: 48227
5. PERMANENT HOME PHONE: (313) 838-0907
6. U.S. CITIZENSHIP STATUS: ☒ U.S. CITIZEN OR NATIONAL
   ALIEN ID NUMBER IF APPLICABLE: P.W. N/A
7. PERMANENT RESIDENT OF WHICH STATE: MI
8a. DRIVER LICENSE NUMBER: NONE
8b. STATE IN WHICH ISSUED: MI
9. ADDRESS WHILE IN SCHOOL: 14851 LAUDER, Detroit Michigan 48227
10. PHONE AT SCHOOL ADDRESS: (313) 838-0907
11. MAJOR COURSE OF STUDY: 76
12. LOAN AMT REQUESTED: $4000.00
13. PERIOD LOAN WILL COVER: 5/88 TO 7/88

PRIOR LOAN INFORMATION

14a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? ☒ NO (GO TO 18a)
16. GRADE LEVEL: [checked]

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| | 20a | 20b | 20c |
|---|---|---|---|
| NAME | BETTIE B??? | TWANA SMITH | KAREN Anderson P.W. |
| STREET | 14973 Sussex | Sussex 14517 | Rutherford 7792 |
| CITY STATE ZIP | DETROIT MI 48??? | DETROIT MI 48??? | DETROIT, MI 48238 |
| PHONE | (313) 537-6739 | (313) 835-1514 | (313) 846-3532 |

22. ☒ YES ACCRUE, CAPITALIZE
23. ☒ ACCRUE, CAPITALIZE

24a. SIGNATURE OF BORROWER: X Praise Worthy
24b. DATE BORROWER SIGNED: April 14, 88

**SECTION B – TO BE COMPLETED BY SCHOOL**

25. NAME OF SCHOOL: Lawton School
26. ADDRESS: 6060 Plaza Dr. Ste 2200, Detroit Michigan 48226
27. PHONE: (313) 961-7936
28. SCHOOL CODE: 012846-0005
31. PERIOD LOAN WILL COVER: FROM 5/2/88 TO 7/29/88
32. STUDENT'S GRADE LEVEL: [2 checked]
33. ANTICIPATED GRADUATION DATE: 7/29/88
34. WILL THE BORROWER BE ENROLLED FULL-TIME: ☒ YES UNTIL 7/29/88
35. STUDENT STATUS: ☒ INDEPENDENT
36. COST OF ATTENDANCE FOR LOAN PERIOD: $5407
37. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $0
38. DIFFERENCE: $5407
39. SUGGESTED DISBURSEMENT DATE: MO 5 DAY 2 YR 88
40. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☒ NO
42a. [signature] Robert L. Collier
42b. DATE SIGNED: 5/2/88

MR. ROBERT A. COLLIER
DIRECTOR OF FINANCIAL AID

**SECTION C – TO BE COMPLETED BY LENDER**

43. NAME OF LENDER: Pennbank, c/o Loan Origination Center
44. ADDRESS: P.O. Box 64788
    CITY STATE ZIP: St. Paul, MN 55164-0788   (612) 291-8460
45. LENDER CODE: 809854
51. NUMBER OF MONTHLY INSTALLMENTS: 120

H.E.A.F.
DATE SIGNED: MAY 05 1988

**SECTION D – TO BE COMPLETED BY HEAF**

SLS-353

57. PROMISSORY NOTE STATUS: Approved #23

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
[signature] 2/4/97
NAME   DATE

48874

# SLS PROMISSORY NOTE

## A. PROMISE TO PAY

The Interest and Guarantee Fee rates and terms mentioned in the Promise to Pay on the front of this application/promissory note are:

**1. Interest.** For a PLUS or SLS loan made for a period of enrollment beginning prior to July 1, 1987, the applicable interest rate is 12% per year. For loans made for periods of enrollment beginning on or after July 1, 1987, the interest will be equivalent to interest on the Loan Amount shown on the front of this application/promissory note at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed in the prior to disbursement of any loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable-rate PLUS and SLS loans.

**2. Guarantee Fee**

HEAF may charge a fee to guarantee my loan. The amount of any such fee may be current with applicable regulations and HEAF policy and Rules and Regulations. The Guarantee fee will be deducted from my check. I understand that this charge is not subject to refund except for the amount attributable to any disbursement ... amount refunded will be the lender's option, be applied to my loan balance and statement will show the actual guarantee fee charge.

## B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my loan check, statement that identifies all the terms of my loan.

## C. GENERAL

I understand that the lender has applied for the Higher Education Assistance Foundation (HEAF) and the terms of this Promissory Note will be interpreted under the Higher Education Act of 1965, as amended under the Act, and the Rules and Regulations of Federal Law. This Note shall be governed by the laws of the ...

## D. REPAYMENT

1. I understand I can either defer principal payment immediately. These options are described below/on front of this application/promissory note.
Deferred Repayment. If I answer YES to #22, for reasons explained under Deferment in the HEAF the repayment period on this loan begins when due within 60 days of disbursement. However, at my lender's option, and in accordance with this statement,
a. be paid by me in installments, or
b. accrue and be added to the principal amount quarterly in accordance with laws and regulations. I will contract the lender prior to expiration of the repayment. If I neglect to do so, I authorize the the guidelines set forth in Paragraph 2 of this Section. My lender must inform me of the terms in writing to the lender.
Immediate repayment. If I answer NO to #22, interest within 60 days of disbursement.

2. I will repay this loan within 10 years of the date generally lasts at least 5 years but no more than to these rules apply.
a. The lender may require a repayment period ensure that during each year of the repayment GSLP PLUS or SLS program loans outstanding at least $600 or the unpaid principal balance of the loan.
b. If I qualify for any deferment period described, grants, forbearance, those periods will not be honored above.

3. The particular terms and conditions of repayment the loan disclosure statement that the lender ...

4. My obligation to repay this loan shall be ... currently disabled.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT OF PAYMENT

In certain instances authorized by the Act the payments I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. If I seek such deferment I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF including without limitation submission of required forms to the lender. I will remain responsible for payment of interest during any period of deferment which my lender may (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment as described in this Note and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of the loan.

## H. DEFAULT

1. Definition — I understand that under the Act and HEAF Rules and Regulations, any of the following events is a default:
   a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
   b. making any false representation for the purpose of obtaining this loan;
   c. using the loan proceeds for other than educational purposes;
   d. failing to ... the school that completed the application for the time identified as my loan period;
   e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default — If I default on this loan:
   a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable.
   b. The lender, holder, or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default.
   c. I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student ... Supplemental Loan for Students (SLS), PLUS loans.

... repayment and Deferment in this Note, attorney's fees that are permitted by ... amounts. If this loan is referred for Collection Practices Act, I will pay ... principal and accrued interest. De- ... at the option of the lender which if ... other requirements of law. Failure to ... lender's right to exercise this option.

... be required to pay HEAF all amounts ...

... late charge if I fail to pay all or part of a ... is due or if I fail to provide written evidence ... as described under Deferment ... each dollar of each late installment.

... repayment will be reported to one or ... loan, the lender, holder or guaranty organizations. This may significantly ...

... at least 30 days in advance that information/bureau organizations unless I enter into

... from any credit bureau organization about the accuracy and completeness ...

... of the United States of America that the ... that the information contained in my ... to the best of my knowledge and belief ... under the SLS program. I authorize the ... me and my school. I hereby authorize the ... be due me up to the amount of this loan. I ... may attend, or HEAF, to release to the ... any requested information pertinent ... loan history, current address. I also ... the educational institution or HEAF to ... under the SLS program, or prior ... application and related documents ... agent of HEAF to release information ... loan application as references. ... the number I also authorize the ... credit and employment history ... me. I certify that the proceeds of ... academic period stated on my loan ... the application. I understand that I am ... which cannot reasonably be attributed to ... meeting educational expenses revised ... assistance at that institution for the loan period stated. I certify that if I am eligible to apply for a Pell Grant that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I certify that I am a borrower eligible for participation in the PLUS or SLS program and that I do not owe a refund to any Title IV aid program. I further certify that I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student and is making satisfactory progress in the curriculum determined to be eligible for this loan program. I further certify that the student has been determined by this institution under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any Title IV student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and the School Certification is true, complete, and correct to the best of my knowledge and belief.

---

**AFFIX TO BACK OF PROMISSORY NOTE**

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.



SIGNATURE X Karen Moseley
TITLE HSCA Claims Supervisor
DATE 9-27-89

F0026 10-87